Bullard, J.
The executors of the last will of Peytavin having paid all the debts due by the succession, one of them filed a tableau, according to which they proposed to distribute the balance of the assets in their hands among the various legatees, the amount of the assets not being sufficient to pay the legacies in full. He charges himself with ten per cent interest on the sums' in hand, but with this reservation, that if any attempt should be made to render the executors liable for any of the debts mentioned in the present account, or-to render them responsible for any larger amount than that which is admitted to be on hand, to wit, $10,343 73, then the interest shall be stricken out, or reduced to five per cent.
Various oppositions were made by the legatees and attorney of absent heirs, which it is necessary to notice only so far as they frave been insisted on in argument before this court, after having been overruled by the Court of Probates- They relate principally to a considerable amount of outstanding debts, due partly to the former partnership of Reynaud & Peytavin, and partly to the estate of Peytavin alone, wljiicb.. the opponents contend that the executors are liable to account for, because they neglected to make the collection thereof.
It is proper, however, to dispose of the demand of the legatees *479 against the executors for the penalty of twenty per ceiit, which they allege lias been incurred in consequence of the executors not having deposited the money of the estate received by them, in some bank paying interest on deposits, in accordance with the act of 1837. That statute makes it the duty of executors and other administrators of estates to deposit moneys belonging thereto, “in one of the chartered banks of this State, or in one of their branches, allowing interest on deposits, if there be one in the parish,” &c., under the penalty of twenty per cent per annum interest on the amount not so deposited, or withdrawn without order, and dismissal from office. We are clearly of opinion, that the executors were not bound to convey the funds out of the parish where they resided, iu order to deposit them in bank ; and it is shown there was no bank in the parish which paid interest on deposits. The statute is highly penal, and must receive a rigid construction. It does not require the money received by executors to be deposited in bank, unless there be a bank which, by its ' charter, pays interest on deposits. This is the grammatical construction of that clause of the third section, which makes it the duty of executors and administrators to deposit the funds belonging to estates administered by them. The words, “allowing interest on deposits,” must refer to the word “bank” as the antecedent, rather than to the word “ branches,” because we know of no bank whose branches pay interest on deposits, when the mother bank does not.. The object of the Legislature apparently was, not so much the safety of the funds, as to render them productive during the delays which attend the final “ winding up” of estates.
The principal questions which the case presents, relate to the diligence used by the executors in collecting a considerable amount of outstanding debts. It is for them to exonerate themselves by showing reasonable diligence. Such is the well-settled doctrine on the subject.
The first item to which our attention is called, for which it is •contended the executors are liable, is a sum of $262 25, set down in the account as a bad debt. It is composed of a number of small sums due by different persons, for moveables purchased at the sale of the property belonging to the succession. It is not *480 shown in evidence at what time the debtors became incapable of paying, nor why they were not required to give good security, nor what steps have been made to coerce payment.
With respect to the debts owing by Laroque Turgeau and Barthelerny, which were due before the death of the testator, the Parish Judge who tried the cause, was "satisfied with the degree of diligence used by the executors. Both became insolvent, and made a surrender to their creditors. The claims of the estate of Peytavin appear upon their tableaux of distribution, and it appears there is yet due a part of the debts, which will probably be realized. When we examine all the evidence exhibited in the record, we are not prepared to say that the court erred in coming to the conclusion, that the executors have not made themselves liable by their neglect.
The largest item contested by the opposing legatees is that of $14,841, due to the late firm of Reynaud & Peytavin. This sum appears due by numerous individuals who had open accounts with that firm, of which the testator was a partner. They were all due long before his death. The whole are set down as bad debts. It is contended that, with respect to a large part of these debts, no attempt is shown to collect them. We do not think that the mere fact of not bringing suit for a debt, is conclusive against the executor. To sue every body indiscriminately, however hopeless the debt, would imprudently involve an estate in costs. In some instances in the case before us, the executors appear to have been advised not to sue, by the attorney of absent heirs. Several witnesses were examined as to the situation of the debtors and their ability to pay, and the Judge concluded, from the whole evidence before him, that it would be unjust to condemn the executors to account for any part of that mass of petty debts, which no diligence on their part could have enabled them to collect. A careful examination of the evidence does not authorize us to say that he erred.
Thus, it appears to us, there is a trifling error of two hundred and sixty-two dollars and twenty five cents, to the prejudice of the legatees. But this is more than made up by a voluntary allowance of interest at ten per cent, instead of five, upon the' whole amount in the hands of the executors. This allowance *481 we have seen, was made on the condition, that the executors should not be held liable for any of the debts mentioned in the account as bad debts. Such a condition, not having been accepted, did not preclude the legatees from making opposition; but we think equity forbids, that the tableau should now be opened for the purpose of charging the executors with the above sum ; and as the parties appear to have acted in good faith, the ends of justice will be best attained by affirming the judgment of the Court of Probates, and directing the distribution of the funds on hand, including the arrearages of interest at ten percent.

Judgment affirmed.